FILED
2013 Jun-14 PM 02:29
U.S. DISTRICT COURT
N.D. OF ALABAMA



# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **CHARLES J. ROGERS, an individual,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.:** |
| **v.** | ) | |
| | ) | |
| **DISCOVER BANK; EQUIFAX INFORMATION SERVICES, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; AND TRANS UNION, LLC,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, and for Plaintiff's Complaint against the Defendants states as follows:

1. This action arises out of Defendants' violations of the Fair Credit Reporting Act[1] (15 U.S.C. § 1681 et seq. [hereinafter "FCRA"]), out of state law violations and out of the invasion of Plaintiff's personal and financial privacy by the Defendants.

2. The Plaintiff was sued by Discover Bank for a debt Discover Bank claimed Plaintiff owed.

---

[1] Any reference the FCRA or any part thereof encompasses all relevant parts and subparts thereto.

3.    Defendant Discover Bank never had any intention of offering any proof at trial.

4.    Instead, the lawsuit against Plaintiff was filed by Defendant Discover Bank with the hope of obtaining a default judgment or coercing Plaintiff into paying on a debt Discover Bank refused to prove.

5.    This is the pattern of collection activity by Defendant Discover Bank  in its collection lawsuits in Alabama.

6.    Defendant Discover Bank offered no proof even after being told to do so by the Circuit Court judge.

7.    The Plaintiff won the lawsuit.

8.    All Defendants refused to remove the Discover Bank entry from Plaintiff's credit reports as the credit reporting agencies refused to follow the court Order but instead only care about their paying customer Discover Bank which still wants to be paid even though it lost the collection lawsuit.

## JURISDICTION

9.    Personal jurisdiction exists over Defendants as they had the necessary minimum contacts with the State of Alabama and this suit arises out of their specific conduct with Plaintiff in Alabama.  All the actions described in this suit occurred in Alabama.

10.   Subject matter jurisdiction exists under federal question jurisdiction (28 U.S.C. Section 1331) and through diversity jurisdiction (28 U.S.C. Section 1332) as the amount claimed exceeds $75,000.00 between these diverse parties.

## VENUE

11.   Venue is proper as Plaintiff lives in Alabama and the Defendants do business in this judicial district.

## PARTIES

12.   Plaintiff Charles J. Rogers (hereinafter "Plaintiff") is a natural person who is a resident of Alabama.

13.   Defendant Discover Bank, ("Defendant" or "Discover") is a foreign company that engages in the business of suing consumers and/or reporting consumer credit information to credit reporting agencies.  It conducts business in this Judicial District.  Its principal place of business is the State of Delaware and it is incorporated in Delaware.

14.   Defendant Equifax Information Services, LLC, ("Defendant" or "Equifax") is a foreign company that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District.  Its principal place of business is the State of Georgia and it is incorporated in Georgia.

15. Defendant Experian Information Solutions, Inc., ("Defendant" or "Experian") is a foreign company that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District. Its principal place of business is the State of California and it is incorporated in Ohio.

16. Defendant Trans Union, LLC, ("Defendant" or "Trans Union") is a foreign company that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District. Its principal place of business is the State of Illinois and it is incorporated in Delaware.

## FACTUAL ALLEGATIONS

17. On December 28, 2011, Defendant Discover sued Plaintiff Rogers in the Circuit Court of Barbour County, Alabama, with a case number of CV-2011-000016.

18. This suit was filed by the Couch, Conville & Blitt, LLC collection law firm.

19. The state court set the case for trial. Notice was sent to Defendant Discover and Plaintiff Rogers.

20. At all times Plaintiff was prepared for trial.

21. The case resulted in a judgment in favor of Plaintiff Rogers on March 22, 2013, dismissing the case with prejudice.

22. The Order stated "This case being set for Final Hearing on March 19, 2013, Plaintiff failed to provide testimony pursuant to this Courts instructions on previous court date. This being Final Hearing the Court finds in favor of the Defendant, Mr. Charles J. Rogers. The case is hereby dismissed with prejudice."

23. Defendant Discover knew it had lost the case.

24. Defendant Discover knows losing the case means Plaintiff Rogers does not owe the debt to Defendant Discover.

25. Defendant Discover reported and has continued to report (even after losing the case) to the credit reporting agencies that Plaintiff Rogers owed this money and was in default.

26. Plaintiff Rogers does not owe this money to Defendant Discover.

27. After Plaintiff Rogers won the case, he called and sent one or more letters to Defendants Equifax, Experian, and Trans Union requesting an investigation of the Defendant Discover's account that still appeared on Plaintiff Rogers' credit reports.

28. Plaintiff Rogers requested that the Defendant Discover's account be deleted.

29. Defendants Discover Bank, Equifax, Experian, and Trans Union were not concerned and did not care about what the state court did in the case as

Defendants Discover Bank, Equifax, Experian, and Trans Union did not intend to perform a reasonable investigation.

30. Defendants Discover Bank, Equifax, Experian, and Trans Union did not perform any type of reasonable investigation.

31. Defendants Equifax, Experian, and Trans Union notified Defendant Discover in accordance with the FCRA of the dispute by Plaintiff Rogers.

32. Alternatively, Defendants Equifax, Experian, and Trans Union did not properly notify Defendant Discover and, as part of this failure, did not include all relevant information provided by Plaintiff Rogers in its notification of Defendant Discover.  This includes notification that the state court entered an Order in favor of Plaintiff Rogers.

33. Defendants failed to properly investigate this dispute as if Defendants had properly investigated, the Discover account would have been deleted.

34. Several examples of the lack of investigation are listed below.

35. On April 16, 2013, Defendant Equifax issued its results of investigation, which shows the Defendant Discover's account with a balance due and that it is a charged off account.

36. On May 3, 2013, Defendant Experian issued its results of investigation, which shows the Defendant Discover's account with a balance due and that it is a charged off account.

37. On May 7, 2013, Defendant Experian sent a letter to Plaintiff Rogers which stated "We are responding to your request to verify item(s) on your personal credit report. We have already investigated this information and the credit grantor has verified its accuracy."

38. The letter goes on to state "...we will <u>not be investigating your dispute again</u> at this time. If you still believe the item is inaccurate, then we can add a statement of continued dispute to your personal credit report at your request, or you may wish to contact the credit grantor directly to resolve your issue." (Emphasis added).

39. On May 21, 2013, Defendant Trans Union issued it results of investigation, which shows the Defendant Discover's account with a balance due and that it is a charged off account.

40. All Defendants were provided with more than sufficient information in the dispute and in their own internal sources of information (which includes the knowledge of Defendant Discover through its state court trial counsel that the case was a defeat for Defendant Discover) to conduct an investigation and to conclude that the account complained of was being reported incorrectly.

41. Defendants Equifax, Experian, and Trans Union have previously proclaimed that they are obligated to rely upon whatever the public records state about a consumer.

42. For example, had Plaintiff Rogers lost the suit and a judgment was entered in favor of Defendant Discover, and Plaintiff Rogers disputed with Equifax, Experian, and Trans Union, Plaintiff Rogers would have been told by Defendants Equifax, Experian, and Trans Union that they were bound by the state court judgment which says Plaintiff Rogers owes the money.

43. These same Defendants Equifax, Experian, and Trans Union, however, refused to rely upon what the state court judge actually said - - an Order for Plaintiff Rogers.

44. These Defendants refused to read the Order or they read the Order and then chose to ignore it.

45. The Order in favor of Plaintiff Rogers means Plaintiff Rogers does not owe the money claimed by Defendant Discover.

46. The state court ruling was a final judgment.

47. This final judgment was not appealed.

48. There is no avenue for appeal for Defendant Discover of this judgment as the time to appeal has passed.

49. Despite this knowledge, Defendants Equifax, Experian, and Trans Union have completely abdicated their obligations under federal and state law and have instead chosen to merely "parrot" whatever their customer, Defendant Discover, has told them to say.

50. Defendants Equifax, Experian, and Trans Union have a policy to favor the paying customer, in this situation Defendant Discover, rather than what the consumer or the state court says about a debt.

51. As one example, on or about May 16, 2013, Plaintiff Rogers spoke with Defendant Experian and Defendant Experian stated it would <u>ignore the court Order</u> as it would instead accept whatever Defendant Discover Bank told it regardless of the court Order.

52. The primary reason for this wrongful policy is that furnishers (such as Defendant Discover) provide enormous financial rewards to Defendants Equifax, Experian, and Trans Union.

53. The importance of keeping balances on credit reports is that all the Defendants understand that one of the most powerful methods furnishers such as Defendant Discover have to wrench payments from a consumer is by placing accounts with balances on the consumer's credit reports.

54. Defendants have a policy and procedure to refuse to properly update credit reports of consumers, like Plaintiff Rogers, who do not owe the alleged debt.

That reason is to keep false information on the credit report. The false information consists of a balance shown as owed or charged off when Defendants know no money is owed.

55. Defendant Discover has promised through its subscriber agreements or contracts with the credit reporting agencies to accurately update accounts but Defendant Discover has willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA and state law, which has resulted in the intended consequences of this information remaining on Plaintiff Rogers' credit reports.

56. Defendant Discover assumed a duty, through the subscriber agreement and other actions, to accurately report the balances and this duty was breached in a negligent, wanton, reckless, willful, intentional, and/or malicious manner.

57. Defendants have a policy to "park" false information on at least one of the consumer's credit reports. This is a term in the industry for keeping a false balance (or false account) on the credit report so that the consumer will be forced to pay off the balance in order to obtain a refinancing or to qualify for a loan or to increase the consumer's credit score from the artificially lowered score which directly resulted from the Defendants' intentional and malicious conduct.

58. In parking or allowing the parking of an account, all Defendants know they are violating their obligations and duties under federal and state law to accurately report the account and the balance.

59. All Defendants know that parking a balance will lead to false and defamatory information being published every time the Plaintiff Rogers' credit report is accessed and this is the malicious and intentional design behind Defendants' actions with the goal to force Plaintiff Rogers to pay on an account Plaintiff Rogers does not owe.

60. All Defendants maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in their files and to conduct a reasonable investigation on Plaintiff Rogers' disputes, which led as a direct result and consequence to all of the Defendants either failing to delete information found to be inaccurate, failing to replace the inaccurate information with accurate information, and/or reinserting the information without following the dictates of the FCRA.

61. At all relevant times the Defendants Equifax, Experian, and Trans Union failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff Rogers' credit reports, concerning the account in question, violating 15 U.S.C. § 1681e(b) and state law.

62.   Defendant Discover failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff Rogers' credit information and Plaintiff Rogers' credit report, concerning the account in question, thus violating state law as set forth in this Complaint. These violations occurred before, during, and after the dispute process began with the consumer reporting agencies.

63.   Defendant Discover has taken illegal aggressive actions in a continued effort to collect the alleged debt against Plaintiff Rogers.   This includes the continued reporting of the debt to third parties (even after losing the state court trial), including consumer reporting agencies such as Defendants Equifax, Experian, and Trans Union, and stating that Plaintiff Rogers owes the debt.

64.   Defendants Equifax, Experian, and Trans Union have failed to maintain Plaintiff Rogers' account with maximum accuracy and these Defendants and Defendant Discover have failed to properly investigate the account in response to the disputes made by Plaintiff Rogers.

65.   The conduct of the Defendants has proximately cause Plaintiff Rogers past and future monetary loss, past and future damage to Plaintiff Rogers' credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

66.   It is a practice of all of the Defendants to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA and state law.

67.   All Defendants are sophisticated businesses and they know their conduct is wrong.

68.   For example, Defendants have been sued for this identical misconduct in Alabama.

69.   All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff Rogers and/or with the knowledge that their actions would very likely harm Plaintiff Rogers and/or that their actions were taken in violation of the FCRA and/or state law and/or that they knew or should have known that their actions were in reckless disregard of the FCRA and/or state law.

70.   All Defendants have engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and as such all Defendants are subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by these Defendants and similar companies.

71.   Defendants are liable to Plaintiff Rogers through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and

omissions done in violation of state and federal law by its employees and agents.

72.   Plaintiff has suffered actual damages as a result of these illegal actions by Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. § 1681 et seq.

73.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

74.   Defendants Equifax, Experian and Trans Union are "consumer reporting agencies," as codified at 15 U.S.C. § 1681a(e).

75.   Defendant Discover is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

76.   Plaintiff Rogers notified Defendants Equifax, Experian and Trans Union directly of a dispute on the Defendant Discover account's completeness and/or accuracy, as reported.

14

77.   Defendants Equifax, Experian and Trans Union  properly notified Defendant Discover of Plaintiff's dispute in accordance with the FCRA requirements.

78.   Alternatively, Defendants Equifax, Experian and Trans Union failed to notify Defendant Discover of Plaintiff's dispute in accordance with the FCRA requirements.

79.   Defendants failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff Rogers' disputes.

80.   Plaintiff Rogers alleges that at all relevant times Defendants Equifax, Experian and Trans Union  failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff Rogers' credit reports, concerning the account in question, violating 15 U.S.C. § 1681e(b).

81.   Plaintiff Rogers alleges that all Defendants failed to conduct a proper and lawful reinvestigation.  For example, Defendants were given notice that the suit resulted in a victory for Plaintiff Rogers, but Defendants apparently failed to review the Order, the court file or contact the court or contact counsel for Defendant Discover.  Other examples will become apparent once discovery is commenced.

82.   All actions taken by the Defendants were done with malice, were done willfully, and were done with either the desire to harm Plaintiff Rogers

and/or with the knowledge that their actions would very likely harm Plaintiff Rogers and/or that their actions were taken in violation of the FCRA and state law and/or that knew or should have known that their actions were in reckless disregard of the FCRA and state law.

83. All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

## COUNT II.

## INVASION OF PRIVACY

84. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

85. Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendants violated Alabama state law as described in this Complaint.

86. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

87. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of

consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

88.   Defendants intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff.

89.   Defendants intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting or credit reporting this debt thereby invading and intruding upon Plaintiff's right to privacy.

90.   Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

91.   The conduct of Defendants, in engaging in the above-described illegal conduct against Plaintiff, resulted in multiple intrusions and invasions of privacy by Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

92.     As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendants.

93.     All acts of Defendants were committed with malice, intent, wantonness, and/or recklessness and as such Defendants are subject to punitive damages.

## COUNT III.

## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT EMPLOYEES OR AGENTS

94.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

95.     Defendants' agents or employees are allowed and encouraged to break the law.

96.     Defendants are aware of the wrongful conduct of its employees or agents.

97.     Defendants negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent employees or agents, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendants are thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## COUNT IV.

## STATE LAW CLAIMS

98.     Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

99.  Defendants intentionally published false and defamatory information related to the Defendant Discover account.

100.  Defendants acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff Rogers as set forth in this Complaint.  This includes the initial reporting of Defendant Discover account; the handling of any investigations on the accounts; and all other aspects as set forth in this Complaint, including the collection suit by Defendant Discover.

101.  Defendants assumed a duty, through the subscriber agreement and other actions, to accurately report the balances and account.

102.  Defendants violated all of the duties the Defendants had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

103.  It was foreseeable, and Defendants did in fact foresee it, that refusing to properly update and investigate would cause the exact type of harm suffered by the Plaintiff Rogers.

104.  Defendants invaded the privacy of Plaintiff Rogers as set forth in Alabama law, including publishing false information about Plaintiff Rogers' personal financial obligations.

105.   The Defendants acted with intentional, reckless, or wanton conduct in attempting to collect this debt (Defendant Discover) and reporting this false information (all Defendants).

106.   Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint and such conduct occurred before, during and after the disputes to Defendants Equifax, Experian and Trans Union.

107.   As a result of this conduct, action, and inaction of all Defendants, Plaintiff Rogers has suffered damages as set forth in this Complaint.

## COUNT V

## MALICIOUS PROSECUTION AND ABUSE OF PROCESS AGAINST DEFENDANT DISCOVER

108.   All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

109.   Defendant Discover instituted and continued prosecuting the lawsuit against Plaintiff with no reasonable basis to do so.

110.   Defendant Discover filed the lawsuit with no intention of ever proving its case.

111.   Defendant Discover continued to prosecute the case with no intention of ever proving its case.

112. Defendant Discover filed and used this case as a means of attempting to extort money out of Plaintiff or obtaining a default judgment against Plaintiff if Plaintiff did not answer the suit.

113. Defendant Discover instituted and continued prosecuting the lawsuit against Plaintiff with malice and with the design and plan that the lawsuit would result in an illegal judgment against the Plaintiff or would cause Plaintiff to pay Defendant Discover money on a non-existent debt.

114. The malicious plan of Defendant Discover included the knowledge that the fraudulent judgment would be devastating to Plaintiff's credit report and credit scores and would lead to garnishments and the Defendant Discover tried to accomplish this by the Defendant Discover's malicious and abusive actions.

115. Throughout the entire illegal lawsuit against Plaintiff, Defendant Discover knew at all times that there was no basis for the lawsuit and the intent and design of filing the lawsuit and continuing to prosecute the lawsuit was to extort money from the Plaintiff which Defendant Discover knew it was not entitled to receive.

116. The litigation against Plaintiff filed by Defendant Discover eventually resulted in adjudication in favor of Plaintiff.

117. The illegal and improper actions of the Defendant Discover constitute malicious prosecution and abuse of process.

118. This is the pattern and practice of Defendant Discover – to file suits with no basis and no intention of ever proving the case in an attempt to obtain default judgments against Alabama consumers or to obtain settlements from Alabama consumers who do not realize the bogus nature of the suit filed by Defendant Discover.

119. The Plaintiff suffered past and future emotional distress and monetary loss as a direct and proximate result of Defendant Discover's abuse of process and malicious prosecution.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that judgment be entered against Defendants for all damages allowable (including statutory, actual, compensatory, nominal and punitive the total of which Plaintiff claims more than $75,000.00), costs, expenses, fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

**John G. Watts (ASB-5819-t82j)**
**M. Stan Herring (ASB-1074-n72m)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com
***Attorneys for Plaintiff***


**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

**Attorney for Plaintiff**

23

**Serve defendants via certified mail at the following addresses:**

Discover Bank
100 West Market
P.O. Box C
Greenwood, Delaware 19950

Equifax Information Services, LLC
c/o CSC Lawyers Incorporating SVC, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

Experian Information Solutions, Inc.
c/o CT Corporation System
2 N. Jackson Street, Suite 605
Montgomery, Alabama 36104

Trans Union, LLC
c/o Prentice-Hall Corporation System, Inc.
150 S. Perry Street
Montgomery, Alabama 36104